IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE ESTRADA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No.  EP-12-CV-49-ATB |
| | § | (by consent) |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration,[1] | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

                **I.    PROCEDURAL HISTORY**

On April 28, 2006, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of December 31, 2005.  (R. 264, 268).  His applications were denied initially and denied

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. EP-12-CV-49-ATB                                          1

upon reconsideration. (R. 135, 145). Plaintiff filed a request for hearing, which was held on May 6, 2008. (R. 86-108, 151). The Administrative Law Judge ("ALJ") issued a decision on December 18, 2008, denying benefits. (R. 119-26). Subsequently, the Appeals Council ("AC") granted review and remanded the case on June 12, 2009. (R. 128-31). Upon remand, a second hearing was held before a different ALJ on June 21, 2010. (R. 34-59). The second ALJ issued a decision on July 15, 2010, denying benefits. (R. 22-28). On October 13, 2011, the AC again granted review and later issued a decision denying benefits on December 15, 2011. (R. 7-10, 258-63).

## II.   ISSUES

Plaintiff presents the following issues for review:

1. Whether the AC's residual functional capacity ("RFC") finding is supported by substantial evidence. (Pl.'s Br. 3, ECF No. 20).

2. Whether the AC's finding that Plaintiff can perform his past relevant work as final assembler is supported by substantial evidence. (*Id.*)

Plaintiff contends that the AC's RFC finding is not supported by substantial evidence because neither the AC[2] nor the ALJ[3] made any findings with regard to the medically determinable nature, severity, or limiting effects of Plaintiff's bilateral wrist/hand impairment. (*Id.* at 4). Plaintiff claims that even if his bilateral wrist/hand impairment was not a severe impairment, limitations should have been included in the AC's RFC finding relating to Plaintiff's ability to grip and handle items. (*Id.* at 6). Additionally, Plaintiff argues that the AC's determination that Plaintiff could perform his past relevant work as a final assembler is not supported by substantial evidence. (*Id.*) Plaintiff alleges that the vocational expert's ("VE")

---

[2] All further references to the AC are to the second decision issued on December 15, 2011.

[3] All further references to the ALJ are to the second decision issued on July 15, 2010.

No. EP-12-CV-49-ATB                              2

testimony conflicts with the Dictionary of Occupational Titles ("DOT") categorization of the amount of reaching required for the job of final assembler. (*Id.* at 8-9). On both of these issues, Plaintiff contends that he was prejudiced because the AC would have proceeded to step five where the burden of proof shifts to the Commissioner. (*Id.* at 7, 11). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 12).

### III.   DISCUSSION

**A.   Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  An ALJ assesses the claimant's RFC, i.e., what he can still do despite his limitations or impairments, before making a determination at steps four and five.  20 C.F.R. § 404.1545(a); SSR 96-8p.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

**C.     The AC's Decision**

The AC adopted the evidentiary facts set forth in the ALJ's decision and the ALJ's findings under steps 1, 2, and 3 of the sequential evaluation. (R. 7). Specifically, the AC agreed with the ALJ that Plaintiff has severe impairments of osteoarthritis in both knees and shoulders and degenerative disc disease, none of which meet or medically equal a listed impairment. (R. 7-8). The AC further evaluated evidence of Plaintiff's alleged mental impairment and concluded that the record did not establish that Plaintiff had a severe mental impairment. (R. 8). The AC found that Plaintiff's obesity was a severe impairment but concluded that no additional limitations to Plaintiff's RFC were required. (R. 9). Therefore, the AC adopted the ALJ's RFC

determination that Plaintiff "is able to perform light work, except he needs to alternate between sitting and standing approximately every 30 minutes; he can climb some stairs; he cannot climb ladders or scaffolding, or do any kneeling, crouching, or crawling; and he cannot reach overhead."[4] (R. 10, 25).

At step four, the AC rejected the ALJ's conclusion that Plaintiff was able to perform his past relevant work as an assembly line worker in a factory because this job was performed more than fifteen years prior to the date of the hearing decision and, therefore, did not meet the criteria for past relevant work. (R. 9). However, the AC found that Plaintiff could perform his past relevant work as a final assembler. (R. 9). Therefore, the AC concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 10).

**D.     Analysis**

   **1.  The AC's Adoption of the ALJ's RFC Finding is Supported by Substantial Evidence**

Plaintiff contends that the AC's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 4, ECF No. 20). Plaintiff argues that the Commissioner failed to consider all of Plaintiff's impairments that were supported by the medical evidence of record, specifically, that neither the AC nor the ALJ considered the medically determinable nature, severity, or limiting effects of Plaintiff's bilateral wrist/hand impairment as reflected by the record. (*Id.*, citing R. 7-10, 22-28). Plaintiff also argues that even if his bilateral wrist/hand impairment was to be considered not severe, the Commissioner was required to consider the

---

[4] In making the RFC determination, the ALJ specifically analyzed evidence of Plaintiff's treatment records from Mountain View Rehabilitation Center, x-rays of Plaintiff's spine and knees, Dr. Angela J. Allen's consultative examination report, Dr. Frederick Cremona's Physical Residual Functional Capacity Assessment form, Dr. James W. Schulte's psychological consultative examination report, and Plaintiff's daily living activities. (R. 25-27).

limiting effects of this impairment when determining Plaintiff's RFC. (*Id.* at 6, citing 20 C.F.R. §§ 404.1545(e), 416.945(e)).

In step two of her analysis, the ALJ stated that "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." (R. 24-25, citing *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)). The ALJ also stated that "[a]ll impairments have been considered under the standard set forth in *Stone*." (R. 24). Although Plaintiff takes no issue with the ALJ's statement of the standard, Plaintiff argues that the ALJ erred when she failed to make a finding regarding the severity of Plaintiff's bilateral wrist/hand impairment. (Pl.'s Br. 4, ECF No. 20).

The Court finds that any error by the ALJ in failing to make an explicit determination regarding whether Plaintiff's alleged bilateral wrist/hand impairment was severe does not require remand when the ALJ proceeds to later steps of the analysis. *See Herrera v. Astrue*, 406 F. App'x 899, 903 (5th Cir. 2010) (per curiam) (unpublished) (holding that the ALJ's error at step two did not warrant remand when the ALJ proceeded to further steps of sequential evaluation process and considered impairments at later steps); *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (stating that the case did not turn on finding at step two when the ALJ proceeded with sequential evaluation process); *Earl v. Colvin*, Civ. A. No. 3:13-CV-0382-BH, 2014 WL 1281452, at *9 (N.D. Tex. Mar. 28, 2014) ("Nevertheless, courts in this Circuit have held that where the ALJ fails to specifically determine the severity of claimant's impairments at step two, remand is not required where the ALJ proceeds to the remaining steps of the disability analysis and considers the alleged impairment's—or its symptoms—effects on the claimant's ability to work at those steps."); *Abra v. Colvin*, No. 3:12-CV-1632-BN, 2013 WL 5178151, at *4 (N.D.

Tex. Sept. 16, 2013) ("Remand is not warranted when, even where the ALJ did not explicitly determine the severity of certain impairments, the ALJ proceeded to later steps of the analysis."); *Hulen v. Colvin*, No. EP-12-CV-178-RFC, 2013 WL 478816, at *3 (W.D. Tex. Sept. 6, 2013) (holding that, although the ALJ did not make a severity determination at step two with regard to the plaintiff's back impairment, the error was harmless because the plaintiff did not make an argument at step three and the ALJ considered the impairment at step four); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam) ("Procedural perfection in administrative proceedings is not required."). The Court also finds that even if the ALJ's failure to make an explicit finding on whether Plaintiff's bilateral wrist/hand impairment was severe could be considered error, "any error by the ALJ in not following the procedures set out in *Stone* is harmless" and remand is not required where substantial evidence supports the ALJ's decision. *Taylor v. Astrue*, 706 F.3d 600 (5th Cir. 2012) (per curiam). Thus, even if the ALJ had made an explicit finding of non-severity, substantial evidence would still support this decision.

In his brief, Plaintiff supports his argument that he has a medically determinable and severe bilateral wrist/hand impairment by citing to the evidence that the ALJ referred to from Dr. Angela J. Allen, parts of his hearing testimony, his subjective complaints of wrist/hand pain, physical therapy notes indicating therapy on his hands, and x-rays of his hands indicating mild spurring. (Pl.'s Br. 4-6, ECF No. 20; R. 39-40, 47-48, 97, 367-70, 372-73, 564, 600-01, 608, 653, 952).

Here, the ALJ discussed record evidence relating to Plaintiff's bilateral wrist/hand impairment, specifically the consultative examination performed by Dr. Allen on June 24, 2006. (R. 25-26). Plaintiff presented to Dr. Allen with, among other things, hand problems and a history of present illnesses, including bilateral wrist pain. (R. 563). Dr. Allen observed that

Plaintiff had a normal range of motion, no joint tenderness or enlargement, 5/5 motor strength in his right upper extremity and tenderness of the left shoulder with decreased range of motion and 4/5 motor strength in his left upper extremity. (R. 564). Dr. Allen also observed that Plaintiff had 5/5 and 4/5 handgrip in his right and left hands, respectively, that there was no evidence of fasciculations, atrophy, or rigidity, that Plaintiff's fine finger movements were normal, and that Plaintiff had normal ability to handle small objects and fasten buttons on clothing. (R. 564). Even given Dr. Allen's findings of reduced motor strength and handgrip in Plaintiff's left upper extremity and left hand, respectively, Dr. Allen did not diagnose Plaintiff with any wrist or hand impairments. (R. 564). The Court finds that Dr. Allen's opinion constitutes substantial evidence in support of the AC's decision adopting the ALJ's RFC determination.

    The mere existence of pain is not an automatic ground for obtaining disability benefits. *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985). The proper standard for evaluating pain is codified in the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423. The statute provides that allegations of pain must be corroborated by objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). Plaintiff states that he is only required to show that there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or support the symptoms alleged. (Pl.'s Br. 6, ECF No. 20, citing 42 U.S.C. § 423(d)(5)(A)). However,

> 42 U.S.C. § 423(d)(5)(A)[] merely states that a claimant's testimony as to pain or other symptoms cannot be conclusive evidence of disability and that objective medical evidence must be offered and considered when determining whether a claimant is disabled. It does *not* establish that the production of objective medical evidence resolves the question of whether a particular impairment is disabling.

*Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *4 (W.D. Tex. Apr. 19, 2013) (internal citation omitted).  The ALJ must still consider the entirety of the record when making a determination, and decide what weight to accord the various medical reports.  *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (per curiam).  This Court, in turn, must determine whether the ALJ's determination is supported by substantial evidence.  *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir. 2001).

Plaintiff supports his argument with hearing testimony that his hand movement is not as fast as it used to be, that he can only lift five to seven pounds because of a lack of grip strength, that he has pain and problems with his hands caused by arthritis, that he drops things, and that he has wrist problems.  (Pl.'s Br. 5-6, ECF No. 20, citing R. 39, 47-48, 97).  Plaintiff asserts in a Disability Report, a Daily Activity Questionnaire, and a Pain Report that he has no strength in his hands and he has problems with his joints, including his right pointer finger.  (*Id.* at 6, citing R. 307, 315, 317).  Moreover, Plaintiff argues that his own subjective complaints of pain during visits to physical therapy support his medically determinable and severe bilateral wrist/hand impairment.  (*Id.* at 5, citing R. 367-70, 372-73, 600-01, 608, 653).

The Court finds that Plaintiff's testimony regarding pain in his hands and wrists is inconsistent. (R. 34-59, 86-108).  During the first hearing in 2008, Plaintiff mentioned wrist pain but not hand pain, and in the second hearing in 2010, Plaintiff mentioned hand pain but not wrist pain.  (R. 34-59, 86-108).  Furthermore, during the first hearing, Plaintiff testified that he was receiving physical therapy at Mountain View Rehabilitation Center but did not specify the purpose of his treatment.  (R. 95-97).  At the second hearing, after the ALJ asked Plaintiff if he had visited a doctor about his hand problems, Plaintiff responded that he went to see a doctor who provided therapy.  (R. 40).  Apart from physical therapy, Plaintiff stated that he did not see

or seek out any other doctors after he stopped receiving physical therapy. (R. 95-97). The records indicate that Plaintiff was attending physical therapy solely throughout 2006. Additionally, while Plaintiff cites to a few selected physical therapy sessions where he complained of pain in his wrists and hands, Plaintiff fails to clarify that during the overwhelming majority of the physical therapy sessions contained in the record, Plaintiff did not consistently complain of pain in his wrists and hands or receive therapy in those areas.

On April 10, 2008, Plaintiff's treating physician, Dr. Thomas G. Easter, provided a Medical Source Statement ("MSS") which included substantial limitations. (R. 948-51). Dr. Easter determined that Plaintiff had exertional limitations in his ability to lift and carry, stand and/or walk, sit, and push and/or pull but Dr. Easter did not indicate how Plaintiff was limited. (R. 948-49). Dr. Easter stated that "[t]he patient's medical diagnosis is of the lower extremity and lumbar area. He can do limited push/pulling of upper extremity." (R. 949). Dr. Easter further found that Plaintiff had postural limitations in that he could never climb, balance, kneel, crouch, crawl, or stoop. (R. 949). Dr. Easter explained that "[t]hese may be partially affected (decreased) in the event he has bilateral knee replacement. Due to his other medical conditions, he is NOT a candidate for any other surgery at this time." (R. 949). In regard to Plaintiff's manipulative limitations, Dr. Easter did not make a determination about whether Plaintiff was limited or unlimited in his ability to reach but he did determine that Plaintiff was unlimited in his ability to handle, finger, and feel and that he could constantly perform those functions. (R. 950). Dr. Easter also stated that his findings were "[d]ue to [Plaintiff's] lower back diagnosis and extremely limited ability to 'reach.'" (R. 950). Dr. Easter did not find that Plaintiff had any visual/communicative limitations. (R. 950). Finally, Dr. Easter stated that Plaintiff should

completely avoid temperature extremes, noise, dust, vibration, humidity/wetness, hazards, fumes, odors, chemicals, and gases. (R. 951).

The ALJ assigned little weight to the opinion of disability offered by Dr. Easter. (R. 27). Although a treating physician's opinion "should be afforded considerable weight," the ALJ is free to assign "little or no weight" to the opinion of any physician for good cause. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000) (citations omitted). Good cause exists where statements are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (emphasis omitted). Here, the ALJ determined that Dr. Easter was "the only physician who has offered the opinion that the claimant is 'disabled.'" (R. 27). A review of the record demonstrates that Dr. Easter's notes do not indicate any physical limitations imposed on Plaintiff's ability to handle, finger, and feel. Moreover, although Dr. Easter's MSS indicates substantial limitations in unrelated areas, it does not indicate limitations in Plaintiff's ability to handle, finger, and feel, which Plaintiff now claims should have been incorporated into the ALJ's RFC determination. (Pl.'s Br. 6, ECF No. 20). Therefore, the Court finds that good cause existed for assigning Dr. Easter's opinion little weight.

The ALJ determined that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms was not credible to the extent his testimony was inconsistent with the ALJ's RFC determination. (R. 26). This is "precisely the kind[] of determination[] that the ALJ is best positioned to make" as the ALJ "enjoys the benefit of perceiving first-hand [Plaintiff] at the hearing." *Falco*, 27 F.3d at 164. Additionally, the ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

Although Plaintiff mentions that x-rays of his hands showed mild spurring, Plaintiff fails to mention that those x-rays also showed that Plaintiff had no fracture, subluxation or dislocation, and no blastic or lytic lesions. (Pl.'s Br. 5, ECF No. 20, citing R. 952). In assessing the evidence, it was not necessary for the ALJ to summarize and discuss every piece of record evidence in her decision. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (holding that the ALJ does not have to "follow formalistic rules in his articulation" of the record evidence). Additionally, the standard of review does not consider whether some or even substantial evidence supports Plaintiff's disability claim but whether there is substantial evidence to support the decision of the Commissioner. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted). Accordingly, the Court finds that the AC and the ALJ did not commit legal error by failing to discuss the x-rays of Plaintiff's hands and this evidence supports the AC's decision adopting the ALJ's RFC determination.

Finally, Physical Residual Functional Capacity Assessment forms completed by Dr. Frederick Cremona and Dr. Bonnie Blacklock provide less restrictive requirements than the ALJ's RFC finding that Plaintiff could perform a limited range of light work.[5] (R. 25-27, 566-73, 931-38). Both doctors determined that Plaintiff was able to perform medium work[6] with no

---

[5] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

[6] 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.").

postural, manipulative, visual, communicative, or environmental limitations. (R. 566-73, 931-38). Furthermore, both doctors found that Plaintiff's allegations and limitations were not fully supported by the medical evidence in the record. (R. 571, 936). This evidence constitutes further substantial evidence in support of the AC's decision adopting the ALJ's RFC determination. *See Brown v. Astrue*, Civ. A. No. 3:08-CV-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) (citations omitted); *Barrington v. Barnhart*, Civ. A. No. SA02CA0993RF, 2005 WL 2137911, at *7 (W.D. Tex. July 13, 2005).

### 2. The AC's Finding That Plaintiff Can Perform His Past Relevant Work is Supported by Substantial Evidence

Plaintiff contends that the AC committed reversible error by relying on VE testimony that conflicted with the DOT without addressing the conflict between Plaintiff's reaching limitation and the job's requirement of frequent reaching. (Pl.'s Br. 10-11, ECF No. 20). Although the AC found that Plaintiff could perform no overhead reaching, Plaintiff argues that he is unable to perform the job of final assembler because the position requires "frequent" reaching. (*Id.* at 9). Plaintiff argues that the record evidence supports and the AC acknowledges that Plaintiff has severe osteoarthritis in both of his shoulders which significantly limits his reaching ability. (*Id.*, citing R. 9, 24, 48-49, 94, 102, 313, 317, 336, 342, 367-73, 563-64, 599-601, 604-05, 608, 653, 950). Plaintiff further argues that Social Security Ruling ("SSR") 00-4p requires the ALJ to elicit a reasonable explanation for conflicts existing between a VE's testimony and the information provided in the DOT. (*Id.* at 10). SSR 00-4p requires that when the vocational evidence is inconsistent with the information in the DOT, the ALJ must resolve the conflict before relying on the VE evidence to support a determination that the individual is or is not disabled. (*Id.*) Therefore, Plaintiff argues that the AC erred in concluding that no conflict exists

between the VE's testimony about Plaintiff's ability to perform the job of final assembler and the job's requirements in the DOT. (*Id.*)

The Court disagrees with Plaintiff and finds that his contentions are without merit. SSR 00-4p states that occupational testimony provided by a VE should generally be consistent with that of the DOT. At the hearing level, the ALJ should inquire whether or not there is consistency between the VE evidence and the DOT. SSR 00-4p.

In this case, the VE's testimony was that Plaintiff could perform his past relevant work as a final assembler. (R. 55). The ALJ complied with her obligation under SSR 00-4p by asking the VE whether her testimony would be consistent with the DOT. (R. 53). Her answer was unequivocally in the affirmative. (R. 53). Since Plaintiff's counsel failed to inquire further into this issue, there was no apparent unresolved conflict between the VE evidence and the DOT. Therefore, the Court finds that the ALJ met her obligations under SSR 00-4p.

This is not a case involving a direct or obvious conflict between the VE's testimony and the DOT such as when the VE's characterization of the exertional or skill level required for a particular job is different from the exertional or skill level provided in the DOT. No other similar conflict exists in this case. At most, Plaintiff's argument relates to an implied conflict between the VE's testimony and the DOT. Nothing in the DOT's job description for final assembler indicates that any overhead reaching is required to perform the job. DOT 713.687-018, 1991 WL 679271. There is not necessarily a conflict because the job of final assembler contains only non-specific reaching requirements rather than specific overhead reaching requirements. *See Byrd v. Apfel*, 168 F.3d 481 (4th Cir. 1998) (per curiam) (unpublished) ("Although reaching is involved in these jobs, the reaching does not necessarily conflict with [Plaintiff]'s restriction from overhead reaching. The job descriptions do not state that overhead

reaching is required."). Furthermore, the AC and the ALJ specifically limited Plaintiff's ability to reach overhead but did not limit Plaintiff's ability to reach in other directions and Plaintiff fails to show that the position of final assembler requires any overhead work. *See, e.g.*, *Foster v. Astrue*, 277 F. App'x 465 (5th Cir. 2008) (per curiam) (unpublished) ("The only 'reaching' restriction the ALJ found credible was that [Plaintiff] could do no overhead work, and [Plaintiff] fails to show that the position of compact assembler requires any overhead work."). The Court declines to reverse the Commissioner's determination on the basis of an implied conflict between the VE's testimony and the DOT.

In the alternative, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit cross-examination during the hearing before the ALJ. *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitations on his ability to perform the job of final assembler. (R. 52-59). Although Plaintiff's counsel asked the VE whether Plaintiff would be able to perform the job of final assembler if the limitation of occasional bilateral reaching was added to the ALJ's hypothetical, he did not challenge the VE's testimony that Plaintiff could perform this job given the ALJ's hypothetical which included no overhead reaching. (R. 58). In failing to do so, Plaintiff did not pursue the nature and extent of any purported conflict between the VE's testimony and DOT job requirements at that time. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief he seeks.

Finally, insofar as Plaintiff argues that the ALJ's hypothetical question was incomplete, the Court finds that Plaintiff's contention is without merit. For a hypothetical to be proper, it

"need only incorporate the disabilities that the administrative law judge recognizes." *Wise v. Barhart*, 101 F. App'x 950, 951 (5th Cir. 2004) (per curiam) (unpublished) (citing *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Morris v. Brown*, 864 F.2d 333, 336 (5th Cir. 1988)). The record evidence demonstrates that the ALJ included a limitation for overhead reaching in her RFC determination and that limitation was included in the hypothetical question presented to the VE. (R. 25, 80). The AC specifically mentioned this testimony when making their determination at step four. (R. 9).

A review of the objective medical evidence supports the AC's decision adopting the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support his claims of disability. Consequently, the Court finds that substantial evidence supports the AC's decision adopting the ALJ's RFC determination. Moreover, the VE's testimony constitutes substantial evidence that Plaintiff is capable of performing his past relevant work. Finally, the Court adjudges that no reversible error was committed by the AC or the ALJ, and that no award of benefits is warranted.

## IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 23rd day of January, 2015.

**ANNE BERTON**
**U.S. MAGISTRATE JUDGE**